[No. 14244. Department One. February 2, 1918.]

R. W. KNAPP, *Appellant,* v. DOUGLAS COUNTY, *Respondent.*[1]

TAXATION— STATE LANDS — UNDER EXECUTORY CONTRACT — CERTIFICATES OF DELINQUENCY. The right of a purchaser of state lands under an executory contract of sale is not assessable as real property, and the issuance of a certificate of delinquency therefor is an irregularity, within Rem. Code, § 9252, requiring the return of the tax to the holder of void certificates; especially where the contract of purchase from the state provides for the proportion of all rights upon failure to pay taxes and that no deed shall be executed until all taxes are paid.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered July 3, 1916, in favor of the defendant, after a trial before the court upon an agreed statement of facts, in an action to recover sums paid for certificates of delinquency, and to recover taxes paid. Reversed.

*G. E. Lovell,* for appellant.

*O. R. Hopewell,* for respondent.

PARKER, J.—The plaintiff, Knapp, seeks recovery from Douglas county of sums paid by him to the treasurer of that county as the purchase price of tax delinquent certificates, and for taxes paid by him thereafter as the owner of such certificates upon the lands described therein. He rests his claim upon the alleged invalidity of the certificates and the guaranty con-

[1]Reported in 170 Pac. 559.

tained therein as required by the provision of § 9252,
Rem. Code, reading as follows:

"A guaranty of the county or municipality to which
the tax is due that if for any irregularity of the taxing
officers this certificate be void, then such county or mu-
nicipality will repay the holder the sum paid thereon
with interest at the rate of six per cent per annum
from the date of its issuance."

Trial in the superior court for Douglas county upon
an agreed statement of facts resulted in a judgment
denying recovery as prayed for and dismissal of the
action, from which the plaintiff has appealed to this
court.

The facts may be briefly summarized as follows: In
September, 1907, one Jurgensen entered into a con-
tract with the state for the purchase of certain of its
granted school lands situated in Douglas county. By
the terms of the contract, he was to pay the purchase
price in annual installments covering a period of ten
years. As required by Rem. Code, § 6676, relating to
the sale of state lands, the contract not only provided
for the payment of the installments, but also that Jur-
gensen should pay all taxes levied against the land
after the making of the contract, and, in default thereof,
forfeit all his rights thereunder. The taxing officers
of Douglas county assessed and levied taxes against
the lands for the years 1908 to 1914, inclusive, all of
which taxes Jurgensen failed to pay. In June, 1910,
the treasurer of Douglas county issued and delivered
to appellant certificates of delinquency against the
lands for the delinquent taxes levied thereon for the
year 1908. Thereafter appellant, as the holder of
these certificates of delinquency, paid the taxes levied
upon the lands for the years 1909 to 1914, inclusive. In
October, 1915, appellant, being advised that the cer-
tificates were void because issued against school land

the title to which still remained in the state, demanded of the county repayment of the sums so paid by him, with six per cent interest thereon from the dates of the several payments. About the same time, the state, by its proper officers, lawfully terminated all of Jurgensen's rights under the contract for the purchase of the lands, because of his default in making payments as therein stipulated.

In fairness to the trial court we here note that its judgment in this case was rendered before the rendering of our decision in *Connor v. Spokane County*, 96 Wash. 8, 164 Pac. 517, which decision is decisive of this case in favor of the appellant. Our holding in that case was, in substance, that, while granted school lands are taxable while under contract for the sale thereof, in the sense that the tax becomes a charge against the interest of the purchaser therein, it is not a tax the payment of which can be enforced by the issuance of a certificate of delinquency and the foreclosure thereof, which under our system is a foreclosure *in rem*, resulting in the creation of a new and paramount title. This being the law, the issuance of a certificate of delinquency against such lands is an irregularity of the officer issuing the certificate, rendering such certificate void within the meaning of the statutory guaranty above noticed, which is required to be contained in the certificate.

We note that not only does § 6676 of Rem. Code, relating to the sale of state lands, require the purchaser to pay all taxes levied thereon after entering into his contract of purchase, and that his rights may be forfeited upon this failure to pay such taxes, but that Rem. Code, § 9139, providing for the taxing of such lands after entering into a contract for the sale thereof, also provides that "no deed shall ever be executed until all taxes and municipal charges are fully paid

thereon.'' This required retaining of the title in the state until the purchaser pays all taxes, and the nature of our statutory tax foreclosure which creates a new and paramount title, we think renders it plain that the latter is not the lawful method for the enforcement of the collection of taxes levied upon state lands while under contract of sale.

We note that it is inadvertently stated in *Connor v. Spokane County,* that the state ''conveyed'' to the purchaser the land in question. It is plain, however, from a reading of the opinion as a whole, that the state had only entered into a contract to sell the land to the purchaser.

We conclude that appellant is entitled to recover the sums paid by him as the purchase price of the delinquent certificates, and also the sums paid by him thereafter as the owner of such certificates for taxes levied upon the lands, together with six per cent interest upon such payments from the several dates they were made.

The judgment of dismissal is reversed, and the cause remanded to the superior court with directions to enter judgment in favor of appellant in accordance with the views herein expressed.

ELLIS, C. J., WEBSTER, FULLERTON, and MAIN, JJ., concur.